UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JAMES O. MURRAY, III,**

          **Plaintiff,**

         **-v-**              **9:10-CV-1440 (NAM/CFH)**

**T. ARQUITT, Correction Officer, Upstate**
**Correctional Facility; NORMAN BEZIO, Director**
**Special Housing, Inmate Disciplinary Programs,**
**New York State Department of Correctional**
**Services; B. BOGETT, Correction Officer, Upstate**
**Correctional Facility; B. CLARK, Correction Officer,**
**Upstate Correctional Facility; B. FISCHER,**
**Commissioner, New York State Department of**
**Correctional Services; B. GRANT, Correction Officer,**
**Upstate Correctional Facility; J. HERBERT, Sergeant,**
**Upstate Correctional Facility; J. LARAMAY, Lieutenant,**
**Upstate Correctional Facility; F. MANLEY; J. McGAW,**
**Correction Officer, Upstate Correctional Facility;**
**ALBERT PRACK, Acting Director Special Housing,**
**Inmate Disciplinary Program, New York State**
**Department of Correctional Services; T. RAMSDELL,**
**Correction Officer, Upstate Correctional Facility;**
**D. ROCK, Superintendent, Upstate Correctional**
**Facility; C. ROWE, Correction Officer, Upstate**
**Correctional Facility; STANLEY TULIP, Correction**
**Officer, Upstate Correctional Facility; UHLER,**
**Deputy Supt. of Sec. Serv., all in their Individual**
**and Official Capacities,**

         **Defendants.**


✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

JAMES O. MURRAY, III, 95-A-4417
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953
Plaintiff *Pro Se*

HON. ERIC T. SCHNEIDERMAN, Attorney General for the State of New York
COLLEEN D. GALLIGAN, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this *pro se* action under 42 U.S.C. § 1983. Defendants' motion for partial summary judgment (Dkt. No. 103) was referred to United States Magistrate Judge Christian F. Hummell for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). In his Report-Recommendation and Order (Dkt. No. 117) Magistrate Judge Hummel recommends that the motion be granted.

Plaintiff has filed objections to the Report-Recommendation and Order (Dkt. No. 124). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Where a party interposes only general objections to a report and recommendation, the Court reviews for clear error or manifest injustice. *See Davis v. Chapple*, 2010 WL 145298, *2 (N.D.N.Y. Jan. 8, 2010), *Brown v. Peters*, 1997 WL 599355,*2-* 3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). As set forth below, the Court accepts the Report-Recommendation and Order and grants the motion.

## STANDARD ON SUMMARY JUDGMENT MOTION

Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986). Stated otherwise, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When deciding a summary judgment motion, the Court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). Where, as here, the nonmovant is proceeding *pro se*, the Court must read that party's papers liberally and interpret them "to raise the strongest arguments that they suggest." *Id.* (citation omitted).

## DISCUSSION

Plaintiff raises two objections to the Report-Recommendation and Order. First, he objects to dismissal of the Eighth Amendment claims against Corrections Officer T. Ramsdell on the ground of lack of personal involvement. Officer Ramsdell testified at the Tier III hearing that when he arrived at the scene of the altercation in the infirmary, the use of force was over and all he did was "relieve the officers that were holding [plaintiff]." Officer Ramsdell further stated that plaintiff was then placed in a cell with no additional use of force. Officer Ramsdell's testimony is consistent with that of other corrections officers and the various reports of the incident. The Court agrees with Magistrate Judge Hummel that plaintiff's single conclusory statement at the Tier III hearing that at some point during the incident he saw Officer Ramsdell is insufficient under all the circumstances to raise a question of fact on excessive force or failure to intervene, particularly in light of plaintiff's deposition testimony that he named Officer Ramsdell as a defendant solely because his name appeared on the use of force report. Plaintiff's objection cites to no other evidence supporting his claim against Officer Ramsdell. On *de novo* review, reading

-3-

plaintiff's papers liberally, interpreting them to raise the strongest arguments that they suggest, and resolving all ambiguities and drawing all factual inferences in plaintiff's favor, the Court grants summary judgment dismissing the Eighth Amendment claims against Officer Ramsdell for lack of personal involvement.

Plaintiff's second specific objection to the Report-Recommendation and Order concerns the recommendation that summary judgment be granted dismissing the due process claims against the following defendants: Deputy Superintendent Uhler, who conducted the Tier III hearing; Director of Special Housing/Inmate Discipline Bezio; Acting Director of Special Housing/Inmate Discipline Albert Prack; Superintendent Rock; and Commissioner Brian Fischer. In his objection, plaintiff argues that his due process rights were violated at the Tier III hearing because Deputy Superintendent Uhler should have considered a videotape of plaintiff's medical examination on the day following the alleged incident, and because the following people should have been called as witnesses: Lt. Laramy; Corrections Officers Ramsdell, Manley, and Bogett; Dr. Weisman; Inmates Robertson and Gillard. On *de novo* review, after reading the transcript of the Tier III hearing and reviewing the record, and giving plaintiff all the deference to which he is entitled as a *pro se* litigant, the Court finds as a matter of law that plaintiff was afforded due process at the Tier III hearing. Further, there is no basis to find personal involvement in any infringement of plaintiff's rights on the part of Director Prack, Superintendent Rock, or Commissioner Fischer.

In addition to the two above-discussed objections, plaintiff merely states that he "objects to the Report-Recommendation and Order in its entirety." In response to this general objection, the Court reviews the remaining issues for clear error or manifest injustice. There is no error or manifest injustice, and the Report-Recommendation and Order is accepted in its entirety.

-4-

It is therefore

ORDERED that the Report-Recommendation and Order (Dkt. No. 117) is accepted; and it is further

ORDERED that defendants' motion for partial summary judgment (Dkt. No. 103) is granted; and it is further

ORDERED that summary judgment is granted dismissing all claims against the following defendants: Corrections Officer T. Ramsdell; Director Norman Bezio; Commissioner Fischer; Director Albert Prack; Superintendent Rock; and Deputy Superintendent Uhler; and it is further

ORDERED that summary judgment is granted dismissing the claims against Officer Tulip and Sergeant Herbert for allegedly filing false misbehavior reports against plaintiff; and it is further

ORDERED that all claims against all defendants in their official capacities are dismissed; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

September 17, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge