

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 28 2015
AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk - Albany

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES MURRAY,

                              *Plaintiff*,

-against-

STAN TULIP, et al.

                              *Defendants.*

---

STIPULATION AND ORDER
OF DISCONTINUANCE
PURSUANT TO RULE 41(A)

10-CV-440

(CFH)(Consent)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, plaintiff James Murray, represented by Daniel Rubin, Esq. of Girvin & Ferlazzo, P.C., and Eric T. Schneiderman, Attorney General of the State of New York, Kevin M. Hayden, Assistant Attorney General, of counsel, appearing for all defendants, the parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

    1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys fees, as against defendants Bogett, Clark, Grant, Laramay, Arquitt, Manley, McGaw, Rowe and Tulip hereinafter and collectively referred to as the "non-settling defendants" and meant to represent all

defendants named in this action at any time with the exception of defendant Hebert, who is hereinafter referred to as "the settling defendant."

2. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, plaintiff hereby discontinues this action with prejudice and without damages, costs, interest or attorneys fees, under the conditions described in Paragraph 5 of this agreement, as against defendant Hebert as "the settling defendant," and discharges and releases the settling defendant, and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for future claims or cases, or an agreement by the parties to any generally applicable policy or procedure in the future.

5. Following the execution of this Stipulation, and its being ordered by the Court:

(a) Plaintiff shall be paid the sum of sixty-five thousand dollars ($65,000.00) in full settlement of any and all claims, which amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Plaintiff's check will be issued to Girvin and Ferlazzo, PC, as trustee for Plaintiff with the understanding that no funds will be released until the provisions of Chapter 62 of the Laws of 2001 ("Son of Sam Law"), if applicable, are satisfied; and

(b) plaintiff agrees to discontinue all pending lawsuits in state and federal court, including but not limited to: *Murray v. Rock*, 14:cv-450 (TJM/ATB), U.S. District Court NDNY, with prejudice, and execute a separate document discontinuing such lawsuit which can be filed once executed by the plaintiff and "so ordered" by the Court, and that the provisions of paragraph 2 above shall be applicable to such discontinuance; and

(c) the only exception to paragraph 5 (b) is that plaintiff does not agree to discontinue *Murray v. Fischer*, 11-cv-00225 (GLS/ATB), U.S. District Court NDNY, which remains pending and shall not be affected in anyway whatsoever by this stipulation; and this stipulation shall not affect plaintiff's right to file any claim, including a claim for any denial of his application to change religions, which accrues after September 15, 2015; and

(d) plaintiff agrees not to commence any lawsuit in any court, state or federal, related to any cause of action against any DOCCS employee, DOCCS, or the State of New York, which plaintiff believes has accrued prior to September 15, 2015. Plaintiff agrees that the terms of this settlement include him relinquishing the right to sue any DOCCS employee, DOCCS, or the State of New York in any court for any causes of action that existed or accrued before September 15, 2015.

6. Payment of the amount referenced in paragraph 5 will be made within sixty (60) days from the date the Attorney General's office receives this executed stipulation from plaintiff.

:

7. In the event that the terms of paragraph 5 are satisfied, but payment is not made within the periods set forth in paragraph 6, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 61st day after the Attorney General's office receives the executed stipulation from Plaintiff.

8. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

9. This stipulation is conditioned upon the issuance of an order of dismissal by the Honorable Christian F. Hummel which includes a provision explicitly retaining exclusive jurisdiction over the parties and subject matter of this stipulation for all matters relating to this action and the settlement. In the event that no such order is issued, or such an order is issued but later vacated or revoked, this stipulation shall be null and void, and these actions shall be placed back on the active docket without prejudice.

10. This stipulation may be executed in counterparts.

11. The foregoing constitutes the entire agreement of the parties.

Dated: Malone, New York
September 24, 2015

James W. Murray III
James Murray, 95-A-4417
P.O. Box 2001
Malone, NY 12953

Dated: Albany, New York
September 24, 2015

By: Daniel S. Rubin, Esq.
Girvin & Ferlazzo, P.C.
20 Corporate Woods Blvd.
Albany, NY 12211
Bare Roll No. Rubin
Telephone: (518) 462-0300
Email: dsr@girvinlaw.com

Dated: Syracuse, New York
September 24, 2015

By: Kevin Hayden
ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Kevin M. Hayden, Assistant Attorney General, of Counsel
Syracuse Regional Office
615 Erie Blvd. West, Suite 102
Syracuse, NY 13204
Bar Roll No. 514313
Telephone: (315) 448-4808
Email: Kevin.hayden@ag.ny.gov

Dated: Albany, New York
September 28, 2015

SO ORDERED:

_____
HON. CHRISTIAN F. HUMMEL
UNITED STATES MAGISTRATE JUDGE